## Richard F. Lillis, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 22,502.    (Not to be reported in full.)

Error ·to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917. Rehearing denied January 22, 1917.

### Statement of the Case.

Action by Richard F. Lillis, plaintiff, against the City of Chicago, defendant, to recover damages for injuries received through a defective sidewalk. From a judgment for eight hundred dollars in favor of plaintiff upon trial by jury, defendant brings error.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for plaintiff in error; MAXWELL R. HERMAN and KAPLAN & KAPLAN, of counsel.

EARL J. WALKER, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 788*—*when action of trial court upon motions will not be reviewed.* The action of the trial court upon motions will not be reviewed where neither the evidence nor proceedings have been preserved for review by bill of exceptions, or otherwise.

2. APPEAL AND ERROR, § 1303*—*when presumed that evidence is sufficient to support verdict.* Where neither the evidence nor the proceedings in a personal injury action have been preserved for review by the bill of exceptions, or otherwise, it must be presumed, under the pleadings, that the evidence is sufficient to support the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. LIMITATION OF ACTIONS, § 68*—*when statement of claim does not state new cause of action.* The filing of a second statement of claim in an action for personal injuries, which simply states the same actionable cause with more particularity than the first statement of claim, which was stricken from the files, does not state a new cause of action so as to bar a right of recovery because of the expiration of the one-year period for the commencement of actions in such cases.